99 F.3d 402
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
BANCO DE PONCE, Plaintiff-Counter-Defendant-Appellee,
v.
Samuel R. BUXBAU, Melrose Credit Union, Local 966 Pension
Fund, Defendants-Counter-Defendants,
HYAT CAB CORPORATION, Defendant,
Ruth WAPNICK, Defendant-Counter-Claimant-Cross-Claimant-Appellant.
 No. 95-7469.
 United States Court of Appeals, Second Circuit.
 Dec. 27, 1995.
 
 Appearing for Appellant: Ruth Wapnick, pro se, Brooklyn, New York
 Appearing for Appellee: Michael Winger, Fennell & Chiappone LLP, New York, New York
 S.D.N.Y.
 AFFIRMED.
 Before WINTER, WALKER and CABRANES, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Ruth Wapnick, pro se, appeals from Magistrate Judge Lee's judgment imposing upon her a monetary sanction for a response to a discovery request.
 
 
 4
 The district court imposed the $2000 sanction under Fed.R.Civ.P. 11. See Banco de Ponce v. Buxbaum, No. 90-6344, slip op. at 27 (S.D.N.Y. March 7, 1995). Rule 11, as amended in 1993, is inapplicable to sanctions for discovery responses, which are governed explicitly by Rule 26(g)(2). See Fed.R.Civ.P. 26(g) advisory committee note to 1993 amendment. However, we may affirm the district court's sanction if it is justified under Rule 26, see Apex Oil Co. v. Belcher Co. of New York, 855 F.2d 1009, 1014 (2d Cir.1988), and in interpreting Rule 26(g), we look to caselaw under Rule 11, keeping in mind that Rule 26(g) "imposes a more stringent certification requirement than Rule 11." Id. at 1015.
 
 
 5
 Magistrate Judge Lee found it "abundantly clear that Wapnick's signing of the interrogatory responses also violated Rule 26(g) as in effect in 1990, and would violate that Rule as amended effective December 1, 1993." Banco de Ponce, No. 90-6344, slip op. at 17. Because we agree with that assessment, we affirm for substantially the reasons stated in her Memorandum Opinion and Order dated March 7, 1995. See id.
 
 
 6
 Wapnick's contentions on appeal regarding Rule 37 sanctions and summary judgment decisions were previously decided by this Court. We decline to revisit them under our law-of-the-case doctrine. See United States v. Adegbite, 877 F.2d 174, 178 (2d Cir.), cert. denied, 493 U.S. 956 (1989). Wapnick's remaining contention on appeal, that defendant Local 966 Pension Fund should be realigned as a plaintiff, is without merit.
 
 
 7
 We therefore affirm.